IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN ALAN CROFOOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 26-cv-672 |
| v. | ) | |
| | ) | Judge Jeffrey I. Cummings |
| LIBERTY MUTUAL PERSONAL | ) | |
| INSURANCE CO., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court has reviewed the parties' recent filings and plaintiff's complaint and, within its discretion, *sua sponte* dismisses plaintiff's complaint, (Dckt. #8), without prejudice and with leave to amend for the following reasons.

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 10(b) requires a party to state its claims or defenses in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b). "The primary purpose of these rules "is to give defendants fair notice of the claims against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). "Though length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so." *Id.* at 797–98; *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Length may make a complaint unintelligible[ ] by scattering and concealing in a morass of irrelevancies the few allegations that matter."); *Davis v. Anderson*, 718 Fed.Appx. 420, 424 (7th Cir. 2017) ("judges and adverse parties need not try to fish a gold coin from a bucket of mud").

Here, plaintiff's complaint (which spans 165 pages and 599 paragraphs) falls far short of the requirements of Rules 8(a) and 10(b). As far as the Court can glean, plaintiff's claims all stem from a June 2025 incident during which "wastewater from an upstairs unit leaked through the ceiling, drenching Plaintiff's 200 ampere electrical main breaker panel, and flooding the HVAC (Heating, Ventilation, and Air Conditioning) closet," causing damage and causing him and his partner to become ill. (Dckt. #8 ¶49). Ultimately, it appears defendant Liberty Mutual denied plaintiff's insurance claim, he vacated his apartment, withheld his rent, and his ability to rent was thereafter negatively impacted by an unfavorable Rent Bureau report. Unfortunately, plaintiff's complaint is full of extraneous, and at times unintelligible, allegations (numbering in the hundreds of paragraphs), rendering it difficult to discern whether he has in fact stated plausible claims against defendants over which this Court has jurisdiction. (*See, e.g., id.* ¶192 ("Defendants and their affiliated agents engaged in what Plaintiff terms Mail Shenanigans");

¶210 ("In an irony that would make even Uncle Sam laugh, Plaintiff received on September 15 a 'vehicle trade-in offer' from a Honda dealership at his new address. Apparently the data-broker galaxy that misplaced his insurance claim had no trouble forwarding him car offers for property he no longer owns. It read like a transmission from a wandering Starfield ship asking if Plaintiff wished to renew coverage on a vehicle that exists only in a parallel universe… again, that Defendants truly have no clue."); & ¶¶590–91 ("On October 31, 2025—Jason's birthday— Plaintiff and his former partner attended a concert . . . Five days earlier, Plaintiff had posted a truthful public review describing Defendants' misconduct . . . Within 24 hours, Liberty Mutual retaliated with mail fraud. On his partner's birthday, they chose joy anyway . . . That's what this case is about."). Dismissal is proper on this basis alone. *See e.g.*, *Davis*, 718 Fed.Appx. at 424 (affirming dismissal of unduly lengthy and unintelligible complaint).

What is more—and as foreshadowed by at least one defendant's stated intent to file a motion to dismiss/sever—plaintiff's complaint raises concerns of improper joinder. Rule 18(a) allows for joinder of "as many claims as [a party] has against an opposing party." But Rule 20(a)(2) limits joinder of defendants to cases where the right to relief against the defendants "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences" *and* "any question of law or fact common to all defendants will arise in the action." *See Manson v. W. Ill. Corr. Ctr.*, No. 21-2941, 2022 WL 4298559, at \*1 (7th Cir. Sept. 19, 2022) ("A plaintiff may join as many claims as he has against a single defendant, Fed.R.Civ.P. 18(a), but may join multiple defendants in a suit only if all of the defendants could be liable on a single claim[.]"). Indeed, plaintiff himself acknowledges that "[w]hile Defendants BJB and Liberty Mutual are the primary actors, created the original misconduct and coordinated directly, Defendants LexisNexis, Experian, Hunter Warfield, and CCS willingly served as pawns in the scheme–in the game of Chess sense." (Dckt. #8 ¶10).

For all of these reasons, plaintiff's complaint is dismissed without prejudice and with leave to replead to the extent plaintiff can do so in accordance with this Order and the requirements of Federal Rule of Civil Procedure 11. Any amended complaint must be filed by March 27, 2026. Defendants' motions for extension of time to answer or otherwise plead, (Dckt. ## 11, 13, 20, 22 & 26), are granted to the extent that defendants' deadlines to answer or otherwise plead are stayed pending further order of the Court. Plaintiff's motion for leave to serve defendant Liberty Mutual via its president in Massachusetts, (Dckt. #16), is denied as moot as plaintiff has since filed a certificate of service as to Liberty Mutual and Liberty Mutual has recently appeared through counsel.

**DATE: March 6, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**

2