

FILED
3/20/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN ALAN CROFOOT, | ) | |
| *Plaintiff,* | ) | **Case No.:** 1:26-cv-00672 |
| | ) | |
| v. | ) | **Judge:** Jeffrey I. Cummings |
| | ) | |
| LIBERTY MUTUAL PERSONAL | ) | |
| INSURANCE COMPANY, | ) | |
| BJB PROPERTIES, INC., | ) | |
| LEXISNEXIS RISK SOLUTIONS, INC., | ) | |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ) | |
| HUNTER WARFIELD, INC., AND | ) | |
| CREDIT CONTROL SERVICES, INC., | ) | |
| *Defendants.* | ) | |

# Plaintiff's Notice of Filing:

# Dispute Letter Exhibits

## I. TO THE HONORABLE JUDGE AND JURY:

1. Plaintiff Brian Crofoot, pro se, submits the following Evidence to the Court as cited in the First Amended Complaint. This filing documents Plaintiff's disputes to each Defendant.

2. Respectfully submitted,

s/ Brian Alan Crofoot

**Dated:** March 20, 2026

**Email:** crofoot.bc@gmail.com

## II. Table of Contents

I. TO THE HONORABLE JUDGE AND JURY:                                              1

II. Table of Contents                                                           2

Exhibit T: Plaintiff's and Liberty's Claim Emails (June - July 2025)            3

Exhibit T-1: Liberty Mutual Paris Tate's Initial Email                          3

Exhibit T-2: Plaintiff's Response to Paris Tate's Initial Email                 4

Exhibit T-3: Plaintiff's June 27, 2025 "Do Not Inform BJB" Email                5

Exhibit T-4: Plaintiff's Notice of Electrical Hazards to Liberty Mutual         6

Exhibit T-5: Paris Tate's July 7 Voicemail Transcript                           7

Exhibit R: Plaintiff's July 21 Email to BJB with $0 Offer to Walk Away          8

Exhibit CC. Plaintiff's Cooperation Email to Liberty Mutual, July 25, 2025      12

Exhibit FF: Plaintiff's July 26 Notice to Vacate                                13

Exhibit GG: Plaintiff's July 26 Letter to Liberty Mutual for Claim File         14

Exhibit BB-1: Plaintiff's September 16 Letter to LexisNexis                     15

Exhibit BB-2: Image of Plaintiff's Envelope to LexisNexis, Sep. 16, 2025        16

Exhibits P: Plaintiff's Dispute Letters, Sep. 24, 2025                          16

Exhibit P-1: Experian Dispute Letter                                           17

Exhibit P-2: Rebuttal to LexisNexis                                            18

Exhibit P-3: Debt Dispute to Credit Control Services                           22

Exhibit P-4: Debt Dispute to Hunter Warfield                                   23

Exhibit P-5: Image of USPS Certified Mail Receipt, Sep. 25, 2025               24

**Exhibit S: Image of the Returned September 24 Rebuttal to LexisNexis**     25

**Exhibit M-2: Plaintiff's October 17, 2025 Experian Rebuttal Letter**     26

**Exhibit M-3: Plaintiff's October 17, 2025 Experian Rebuttal Letter Receipt**     27

## Exhibit T: Plaintiff's and Liberty's Claim Emails (June - July 2025)

3. The following Exhibits are excerpts from Plaintiff's and Liberty Mutual Paris Tate's email chain regarding the claim between June 24 through July 2, 2025.

### Exhibit T-1: Liberty Mutual Paris Tate's Initial Email



**Exhibit T-2: Plaintiff's Response to Paris Tate's Initial Email**

---

**Brian Crofoot** <briancrofoot.9@gmail.com>        Wed, Jun 25, 2025 at 7:19 AM
To: "Tate, Paris" <Paris.Tate@libertymutual.com>

Hi Paris,

Thanks for reaching out to me.

I'm writing to summarize my claim regarding a serious habitability issue at my apartment, managed by BJB Properties. Between June 16–18, raw sewage from the unit above mine leaked through the ceiling into my HVAC closet, HVAC unit, and surroundings. The leak contaminated the HVAC air lines, supply ducts, drywall, and floor. I personally cleaned approximately 4–5 gallons of sewage to prevent immediate damage, but full remediation has not occurred. I cannot complete any additional clean-up without modifying the structure. BJB was notified verbally and on their maintenance portal of the emergency on June 16 at 10:30pm. They closed the maintenance request on June 18.

As of this writing, the HVAC closet still emits a sewage odor, and visible mold and rust are forming and growing. The landlord has not responded to my June 21 and 23 emails (with photos attached) documenting the hazard. I filed a 311 plumbing complaint, SR25-01073138 with the City of Chicago and am preparing to withhold rent per RLTO guidelines. I also experienced flu-like symptoms (June 14–15) and am concerned about long-term exposure and habitability of my apartment.

**BJB Properties, Inc**
Property Manager Jeff Ickow
2850 N. Sheridan Rd. Chicago, IL 60657
Phone: (773) 537-6135
Email: JIckow@bjbproperties.com

Attached are a couple pictures of some but not all damaged items including an image of the active sewage leak into the HVAC closet-- there are more pictures if needed. The following is a table of damaged items that were drenched by raw sewage.

| Damaged Inventory | |
|---|---|
| **Item** | **Approx. Value** |
| Redwing Steel toe boots #3206 | $150.00 |
| 10 gallon garbage bin | $20.00 |
| hand tools | $70.00 |
| 72 in friction curtain hangar | $30.00 |
| wooden 3 flower pot holder | $20.00 |
| Tide | $8.00 |
| Oxyclean | $8.00 |
| Dryersheets | $5.00 |
| golf bag | $100.00 |
| Performax oscilating tool | $60.00 |
| Paper towels, bleach, wipes used to clean | $10.00 |
| Curtains | $30.00 |
| **Total** | **$511.00** |



**Exhibit T-3: Plaintiff's June 27, 2025 *"Do Not Inform BJB"* Email**

**Brian Crofoot** <briancrofoot.9@gmail.com>                                Fri, Jun 27, 2025 at 8:10 AM
To: "Tate, Paris" <Paris.Tate@libertymutual.com>

Hi Paris,

I wanted to provide you with an update. I have submitted samples from the HVAC unit fan air supply line that based on my experience as a certified wastewater operator and Texas Board approved Professional Engineer candidate, conveyed 5 gallons of raw wastewater June 16 to 18 that was collected by a 10 gallon waste bucket. I have pictures of the contents and as this bucket was filling. I should receive fecal coliform and E coli presence or absence results from the laboratory on Monday. The laboratory wrote that its possible a false negative will be returned. Cost was ~ $75. My Landlord disputes it was raw wastewater. Please do not inform BJB I have taken laboratory samples. Expect an update on Monday from me.

Sincerely,

Brian

**Exhibit T-4: Plaintiff's Notice of Electrical Hazards to Liberty Mutual**

---

**Brian Crofoot** <briancrofoot.9@gmail.com>                    Wed, Jul 2, 2025 at 10:10 AM
To: "Tate, Paris" <Paris.Tate@libertymutual.com>

Dear Paris,

I am following up on my active claim regarding ongoing water intrusion and contamination at 6727 North Glenwood Ave, Unit C1, Chicago, IL 60626. Despite prior notice and partial cosmetic repairs by my landlord, the affected area in my kitchen ceiling remains moist, musty, and visibly brown stained—approximately 5 feet above and 6 inches left of my 125 amp fuse box. These conditions remain unresolved and pose potential hazards under NEC 110.11. I've documented evidence and contacted local authorities for inspection. Attached is a photo of the stain, with the fuse box on the lower right.

I need written guidance from Liberty Mutual to:

1. Confirm whether my claim remains valid if I vacate due to constructive eviction.

2. Clarify the next steps in processing, including whether subrogation against the landlord's insurer is being considered.

Please confirm whether further documentation is needed to proceed. I am prepared to provide all photographic evidence and correspondence with my landlord and his legal team.

Thank you,
Brian Crofoot
440-258-0207

On Wed, Jun 25, 2025, 7:19 AM Brian Crofoot <briancrofoot.9@gmail.com> wrote:
[Quoted text hidden]

---



**20250629_220900.jpg**
3349K

**Exhibit T-5: Paris Tate's July 7 Voicemail Transcript**



4. This is a transcript of Paris Tate's July 7, 2025 voicemail to Plaintiff (transcribed by

T-Mobile). Paris sent Plaintiff a July 3, 2025 denial letter stating no premiums were paid, for

the basis of denying the claim.

**Exhibit R: Plaintiff's July 21 Email to BJB with $0 Offer to Walk Away**

5. Plaintiff's July 21, 2025 notice to BJB's Property Manager Jeff Ickow and the Social Team regarding the electrical hazards and other issues.



M Gmail            Brian Crofoot <briancrofoot.9@gmail.com>

**Notice of Major Defects – Rent Protest and Mutual Release Proposal**
1 message

Brian Crofoot <briancrofoot.9@gmail.com>        Mon, Jul 21, 2025 at 9:10 AM
To: Jeff Ickow <JIckow@bjbproperties.com>, social@bjbproperties.com
Bcc: Brian Crofoot <briancrofoot003@live.com>

Dear Mr. Ickow,

Please find below a formal response and proposal regarding our ongoing lease dispute. Be advised that the July rent payment of $1,607.25 was submitted solely under protest and duress, and remains disputed, in response to your July 14, 2025 written eviction threat, which constitutes impermissible retaliation for my lawful rent withholding under Chicago Residential Landlord and Tenant Ordinance (RLTO) § 5-12-110.

**Notice of Major Defects and Failure to Cure**

On June 30, 2025, my USPS certified letter was delivered to you detailing the following unremedied and hazardous conditions:

- Sewage infiltration from the ceiling into the HVAC equipment and surroundings that occurred June 16-18, 2025 **(photos A and B)**
- A moist brown ceiling stain, approximately 24 inches long by 4 inches wide, located directly above the main electrical panel, now visibly soft and degradable to the touch **(photos 1 and 2)**
- Pervasive mold growth and rust in the HVAC closet,
- Degraded HVAC infrastructure painted over without remediation **(photo 3)**

Despite repeated written and photographic notices on **June 16, 20, 23, and 25**, you failed to engage licensed contractors or provide evidence of compliance with:

- The **National Electric Code § 110.11**
- The **Illinois Mold Remediation Registration Act (410 ILCS 105/)**
- The **Chicago Building Code**
- The **Illinois Public Health Code**

The statutory **14-day cure period** expired on **July 14, 2025**, without resolution. As such, I am entitled to terminate the lease on **30 days' written notice** pursuant to RLTO § 5-12-110.

**Unauthorized Entries and Trespass**

On June 18, your maintenance staff left me to clean up raw wastewater **(photo 4)**. On June 27, I was left with paint chips and drywall dust from your 1917 building after visible mold and water damage were painted over. Additionally, your staff has entered Unit C1 without 48-hour written notice, in violation of RLTO § 5-12-050, including repeated use of my personal kitchen facilities and leaving unflushed waste **(photo 5)**. Further nonconsensual entries will be treated as trespass.

**Additional Public Complaint**

Multiple tenants have reported similar maintenance failures, including non-functional building entry doors, plumbing breakdowns, and HVAC defects. Notably a building-wide plumbing incident occurred in December 2024.

**Rent Reporting Violation**

Despite your accountant's verbal acknowledgment of the defects and potential July rent abatement on July 2, you reported me as delinquent to Experian and other credit reporting agencies. This violates the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(a)(3). You are hereby directed to within seven (7) days of this notice:

- Correct all credit reporting errors

- Notify all affected third parties in writing

**Insurance and Property Damage**

Your misrepresentations to Liberty Mutual Insurance regarding the wastewater incident and insufficient remediation directly led to the denial of my coverage for documented property damage and loss of use exceeding $1,200. You remain liable for all past and future losses and injuries arising from these failures.

**Damages and Demand**

In addition to the abated July rent, I hereby demand payment of the following by July 25, 2025:

- Abated June rent: $772.50
- Abated July rent: $1,607.25
- Documented property damage reimbursement: $1,200.00
- **Total Due: $3,579.75**

**Mutual Release Offer (Alternative Settlement)**

My preference is to resolve this amicably and avoid court costs for both of us. In lieu of the monetary payment demanded above, I am willing to accept:

1. Full abatement of August 2025 rent, and

2. Full abatement of September 2025 rent if I remain in possession beyond August 31, 2025,

3. A mutual release and discharge of all claims arising from this tenancy,

4. Written confirmation that you will withdraw and correct all negative credit-bureau entries related to this tenancy within seven (7) days, and

5. A written lease termination agreement memorializing the above

Upon mutual written agreement **(see attached Mutual Release)**, I will vacate Unit C1 no later than September 30, 2025 leaving it in broom-clean condition.

**Reservation of Rights**

This protest payment does not waive any claims I possess under RLTO § 5-12-110, § 5-12-150 (retaliation), breach of the implied warranty of habitability, other breaches of the RLTO, Illinois Consumer Fraud and Deceptive Business Practices Act, the Fair Credit Reporting Act, or any other applicable federal, state, or local statutes. I reserve the right to seek all available remedies, including liquidated and actual damages, court costs, and attorneys' fees without further notice.

Sincerely,

Brian Crofoot
Unit C1
6727 N. Glenwood Ave.
Chicago, IL 60626

---

**8 attachments**

**8 attachments**



**Photo 2 Close Up Stain Above Fuse Box.jpg**
3481K



**Photo 1 Stain above Fuse Box.jpg**
3245K



**Photo 3 Unrepaired HVAC Closet Wall.jpg**
3311K



**Photo 4 Full Bucket -c.jpg**
1066K



**Photo B HVAC Pipes -c.jpg**
1145K



**Photo A HVAC Closet Leak-c.jpg**
1322K



**Photo 5 Unflushed Toilet-c.jpg**
977K

**Mutual_Release_Agreement_Sept30.pdf**
4K

**Exhibit CC: Plaintiff's Cooperation Email to Liberty Mutual, July 25, 2025**



**Final Demand for Recorded Call – July 2, 2025 at 2:12 PM – Claim 059611401-01**

Brian Crofoot <briancrofoot.9@gmail.com>                              Fri, Jul 25, 2025 at 7:59 AM
To: "Tate, Paris" <Paris.Tate@libertymutual.com>

Dear Liberty Mutual,

This is a final demand for a complete copy of the recorded phone call that took place on July 2, 2025 at 2:12 PM Central Time between myself, Brian Crofoot, and your claims adjuster Paris Tate concerning Claim No. 059611401-01.

This call contained material statements regarding:

The habitability of my apartment,

The source of water damage (mischaracterized as HVAC condensate), and

Alleged representations by landlord Jeff Ickow, which contributed to the denial of my claim.

Pursuant to 215 ILCS 5/154.6, I am legally entitled to receive all documents and records pertaining to my claim file, including audio recordings, at no cost to me. This includes all information relied upon in denying or settling the claim.

**You are hereby directed to provide this call recording in its entirety and an emailed transcript of it by no later than August 8, 2025,** after which I will proceed with a complaint to the Illinois Department of Insurance and pursue enforcement via subpoena if necessary.

If there are any other written or verbal statements Jeff Ickow or BJB Properties made to Liberty Mutual during the course of its investigation between June 16 and July 31, 2025 that would be helpful to me in pursuing justice against my Landlord, please provide them to me promptly.

Please promptly cooperate with this request so we can put this matter behind us.

Sincerely,

Brian Crofoot

6.  Plaintiff wrote this email to Liberty's Paris Tate on July 25, 2025 - the same day BJB's Kathleen Barry Boychuck wrote her coordinated cover letter *(Marquee Exhibits, Exhibit C, docket entry 14).*

**Exhibit FF: Plaintiff's July 26 Notice to Vacate**

---

**BJB Properties, Inc c/o Jeff Ickow**                                        Brian Crofoot
2850 N. Sheridan Rd                                             6727 N. Glenwood, #C1
Chicago, IL 60657                                                   Chicago, IL 60626

**Notice to Vacate due to Serious Health and Safety Hazard – Unit #C1, 6727 N. Glenwood Ave, Chicago, Illinois**

July 26, 2025

Dear Leasing Agent Jeff Ickow c/o Property Manager

**1 Grounds for Termination**

Pursuant to the Chicago Residential Landlords and Tenants Ordinance (RLTO) **§ 5-12-110(f)(5)**, I hereby terminate the rental agreement for **Unit C1** with immediate effect.

*Prior written notices:*

- June 30 – certified RLTO notice (acknowledged July 2)
- July 21 – emailed follow-up & mutual-release offer

**Continuing life-safety defects** including wastewater contaminated moisture above the main breaker panel and a water-streaked electrical receptacle directly below create an immediate risk of electrocution and electrical fire, in violation of the National Electrical Code (NEC) §§ 110.11 and 240.24, and RLTO § 5-12-070.

**2 Delivery of Possession**

I will **vacate and surrender possession no later than August 25, 2025** (30 days after the RLTO 72-hour window). The unit will be left broom-clean, normal wear excepted.

**3 Tenant's Due-Diligence Statement**

I began searching for a new apartment July 1; the first safe, affordable lease available starts August 16, if I can vacate earlier, I will notify you. Remaining until then while protecting personal property constitutes reasonable mitigation under RLTO § 5-12-110 and Illinois common-law duty to mitigate.

**4 Key-Return Procedure** *(No Joint Inspection Requested)*

Please email or mail **written instructions** for returning both key cards no later than **August 14, 2025**.
If no instructions are received, I will place both cards in a clearly labeled envelope inside the **top-right kitchen drawer** and photograph their placement as proof of return.

**5 Forwarding Address (effective Aug 16)**

4180 N. Marine Dr., Apt 1501
Chicago, IL 60613

**6 Reservation of Rights**

Nothing in this notice waives any rights or remedies under Federal, Illinois, or Local law, including but not limited to rent abatement, reimbursement of property damage, correction of credit reporting, statutory damages, attorneys' fees, and costs.

**7 Acknowledgment Requested**

Please acknowledge receipt of this notice and provide key-return instructions **within 48 hours**.

Sincerely,

Brian Crofoot

*(Sent via USPS Certified Mail and Email for proof of delivery)*

---

7.   Plaintiff sent this letter to BJB on July 26, 2025 (USPS tracking 9589071052702414384599).

**Exhibit GG: Plaintiff's July 26 Letter to Liberty Mutual for Claim File**

**Paris Tate c/o Claims Department**
Liberty Mutual Personal Insurance Co.
P.O. Box 5014
Scranton, PA 18505

Brian Crofoot
6727 N. Glenwood, #C1
Chicago, IL 60626

**Formal Cancellation of Policy No. H4V-243-993740-70 and Request for Records**

July 26, 2025

To Paris Tate c/o Liberty Mutual Personal Insurance Company:

**1. Request for Complete Claim Files**

**This is my FINAL written notice despite your acknowledgment of previous notices,** that pursuant to the Fair Credit Reporting Act, the Illinois Insurance Code (215 ILCS 5/154.6), and all applicable regulatory standards, I hereby request the complete claim files associated with my policy including claim 059611401-01 and others. Provide the following to me within 21 business days from July 8, 2025:

- All adjuster notes, internal memoranda, photographs, and inspection records
- Audio recordings and full transcripts of all relevant phone calls
- Statements or documents provided by Jeff Ickow or BJB Properties, LLC
- The specific policy clauses cited as grounds for denial
- Any logs or metadata showing how and when the claim was initiated

**2. Involuntary Claim Initiation**

Liberty Mutual's automated phone system repeatedly prevented me from speaking with a live agent unless and until a water damage claim was created by it, despite my explicit intent not to file. I was denied access to assistance until a claim was forcibly opened by you. This coercive tactic resulted in the creation of a claim record without my informed consent, and concerning a loss category (water damage) that your company knows is excluded from my policy.

This claim was not consumer-initiated, and any representation to the contrary would be materially false.

**3. Notice Regarding Claim Misreporting and Reservation of Rights**

If Liberty Mutual or its affiliates report this claim to any third-party, including C.L.U.E. or underwriting affiliates, in a manner that omits or misrepresents the system-generated nature of the claim, such reporting will be viewed as a violation of:

- 15 U.S.C. § 1681s-2(a)(1)(A): Duty to Report Accurate Information
- 815 ILCS 505/2: Illinois Consumer Fraud and Deceptive Business Practices Act
- 215 ILCS 5/154.6: Improper Claims Practice Provisions under Illinois Insurance Code

I hereby reserve all rights to file regulatory complaints with the Illinois Department of Insurance, submit disputes to LexisNexis C.L.U.E., and other databases, and pursue legal or civil remedies should Liberty Mutual's actions result in reputational or financial harm.

Signed,

*Brian Crofoot*
Policy No. H4V-243-993740-70
Chicago, IL

*Sent via USPS Certified Mail*

8. Plaintiff sent this letter to Liberty on July 26, 2025 (USPS tracking # 9589071052702414384605). Upon later analysis, water damage is typically covered without a sewage backup rider.

## Exhibit BB-1: Plaintiff's September 16 Letter to LexisNexis

LexisNexis Risk Solutions Consumer Center
P.O. Box 105108
Atlanta, GA 30348-5108

Brian Crofoot
4180 N Marine Dr
Apt 1501
Chicago, IL 60613

September 16, 2025

**Re: Failure to Timely Provide CLUE Report (Consumer File Request)**

To whom it may concern:

I am writing to express my deep concern and frustration regarding your repeated delays and obstruction in providing me with my consumer CLUE report, despite my lawful requests beginning on August 23, 2025. I have complied with your verification demands, including government issued identification, proof of address, and other documents. The Internal Revenue Service, Illinois Department of Insurance, Illinois Department of Revenue, Illinois Department of Motor Vehicles, TransUnion, and other institutions have confirmed my information previously provided to you.

Your ongoing refusal to release my file is not a neutral administrative matter. You are aware that my prior landlord (BJB Properties) and my renter's insurer (Liberty Mutual) are under scrutiny for concealing significant hazards in my former residence at 6727 N. Glenwood Ave, C1, Chicago IL 60626. Together, they are concealing from you that I moved out of the apartment on August 16, 2025. The concealed safety hazards include an unpermitted HVAC installation and a sewage drenched electrical breaker panel in a first-floor apartment in 1914 multi-residential building lacking firestops, directly above a 2-inch gas main, adjacent to the Chicago CTA Red Line and Purple Lines. These are not trivial issues; they are life-safety issues that have resulted in a documented personal injury to me and put other tenants at risk.

By continuing to withhold my CLUE Report for home insurance, LexisNexis is effectively aiding in the concealment of misconduct and obstructing my ability to protect my legal rights. This delay has already prejudiced me, as Liberty Mutual has shared my claim related information with adverse parties while refusing to provide me and the Illinois Department of Insurance with my own record.

I am demanding immediate release of my CLUE report pursuant to the Federal Fair Credit Reporting Act (15 U.S.C. 1681g). **Consider this letter as a final demand.**

1. Provide my complete CLUE report within 5 days.
2. Confirm in writing the exact basis for any refusal or delay.

Failure to comply will be documented as part of an evidentiary record in pending litigation.

Sincerely,

Brian Crofoot

9. Plaintiff mailed LexisNexis on September 16, 2025 formally requesting his CLUE file (USPS Certified Mail #9589 0710 5270 3130 9384 55).

**Exhibit BB-2: Image of Plaintiff's Envelope to LexisNexis, Sep. 16, 2025**



**10.** This is an image of the letter Plaintiff mailed via USPS Certified mail to LexisNexis on

September 16, 2025 which enclosed *Exhibit BB-2.*

**Exhibits P: Plaintiff's Dispute Letters, Sep. 24, 2025**

**11.** The following exhibits are Plaintiff's certified dispute letters to Defendants sent on

September 25, 2025 via the United States Postal Service.

**Exhibit P-1: Experian Dispute Letter**

Experian
PO Box 4500
Allen, TX 75013

Brian Crofoot
4180 N. Marine Dr
Apt 1501
Chicago, IL 60613

**Re: Formal Dispute of Consumer File under the FCRA**

September 24, 2025

To whom it may concern:

I dispute in full the accuracy, validity, and legitimacy of any entries Experian maintains regarding me, including but not limited to rental and insurance debts allegedly tied to my former residence at 6727 N. Glenwood Ave, Unit C1, Chicago, IL including information provided to you by BJB Properties and other entities. These entries are abjectly false and arise from concealed building code violations and unpermitted electrical/mechanical hazards that caused personal injury to me, installed in violation of a 2020 court order by BJB Properties.

On or about July 16 2025, BJB's agents falsely reported a delinquent rental debt of $1,607 to you which has prejudiced me. BJB's counsel, Kathleen Barry Boychuck, issued a letter denying that BJB made false reports to Experian on July 25, 2025. This denial is knowingly false, as Experian's own files reflect inaccurate tradelines traceable to BJB and Liberty Mutual's actions. Kathleen's denial letter, and Experian's reporting of false information, are already preserved as exhibits in pending multimillion-dollar litigation.

Pursuant to the Fair Credit Reporting Act (15 U.S.C. §1681g, §1681s-2), Experian has an obligation to provide me with a complete copy of my consumer file and to correct or delete inaccurate information.

1. Provide a complete copy of my Experian consumer file (including all historical entries, metadata, timestamps, and source furnishers) in downloadable PDF and native export format.
2. Identify all furnishers of information regarding me since June 1, 2025, including BJB Properties, Liberty Mutual, or their agents.
3. Correct or delete all false entries relating to alleged rental or insurance debts.
4. Confirm in writing whether Experian has shared these false entries with any third parties since June 1, 2025.

Produce this information within **7 calendar days** of receipt. Failure to comply will not only compound Experian's statutory violations, but will strengthen the evidentiary record already in place. I further reserve the right to add your organization as a Defendant in pending litigation against Liberty Mutual and BJB Properties without further notice.

Physics is All,

*Brian Crofoot*
Brian Crofoot

*Sent via USPS Certified Mail*

**12.** Plaintiff mailed this letter to Experian on September 25, 2025 via USPS certified mail.

**Exhibit P-2: Rebuttal to LexisNexis**

**13.** Plaintiff mailed the following cover page and 3 page September 15, 2025 CLUE report

rebuttal to LexisNexis on September 25, 2025 via certified mail.

LexisNexis Risk Solutions
PO Box 105108
Atlanta, GA 30348-5108

Brian Crofoot
4180 N. Marine Dr
Apt 1501
Chicago, IL 60613

**Re: Consumer File Misrepresentation, Collusion with Liberty Mutual, and Debt Collection Facilitation**

September 24, 2025

I am writing to formally dispute and demand correction of material inaccuracies in my consumer file maintained by LexisNexis, specifically regarding address history and insurance claim records tied to Liberty Mutual. On September 11, 2025, I contacted LexisNexis to provide validation documents as you demanded on Sep. 8, 2025. Following that Sep. 11 call, I have reason to believe your portal and records were deliberately altered to align with Liberty Mutual's narrative, rather than reflecting accurate information I provided at your request. This gives the appearance of laundering the historical record rather than correcting it.

Specifically:

- My address history has been misrepresented in a manner that conceals my relocation. Your file omits or obscures my move-out and the fact that I obtained a new renters policy through another insurer.
- By ignoring these facts, LexisNexis is effectively supporting Liberty Mutual's improper stances that I should have remained in an apartment that was uninhabitable and dangerous until Liberty wrote otherwise— a matter that both Liberty and LexisNexis were made aware of.
- Your own disclosures state that LexisNexis will "aid in the collection of any debts" by providing skip tracing services to any requesting party. This means your misrepresentation is not merely passive error; it is being weaponized against me to assist Liberty Mutual, BJB Properties, and their debt collectors.
- This pattern of concealment and alignment with Liberty Mutual mischaracterizes my circumstances, produces a materially false consumer file, and enables third parties to target me through debt collection harassment.

This is not a clerical oversight but an ongoing misrepresentation that materially harms my insurability, creditworthiness, and professional reputation. I demand that LexisNexis immediately:

1. Restore and disclose my full and accurate address history, including documentation of my move and subsequent renters insurance policy through another insurer.
2. Provide a full, unaltered copy of all records in my consumer file as they existed prior to my September 10 call, including internal communications and change logs reflecting edits made thereafter.
3. Identify any third parties, including Liberty Mutual, to whom my consumer file was shared or coordinated during or after these changes.
4. Cease all use of inaccurate information in connection with skip tracing or debt collection against me.

Failure to address these inaccuracies will be considered willful misrepresentation, collusion, and abusive facilitation of debt collection, and I reserve all rights to pursue relief under the Fair Credit Reporting Act, Fair Housing Act, Fair Debt Collection Practices Act, and related state and federal laws. I further reserve the right to add your organization as a Defendant in pending litigation against Liberty Mutual and BJB Properties without further notice. I request your written confirmation within 14 days of receipt of this letter and attached rebuttal.

Physics is All,

Brian Crofoot

*Sent via USPS Certified Letter*

**Rebuttal to LexisNexis Report #44684094**
**September 24, 2025**

This rebuttal addresses numerous factual inaccuracies and misrepresentations contained in the LexisNexis report dated September 15, 2025. Each section identifies a category of error and explains the correct facts.

---

**1. Address Misrepresentation**
- While my current address is listed correctly, LexisNexis omits all associated insurance and building information as if they believe I don't live there.
- The report parrots Liberty Mutual's position that I still reside at 6727 N. Glenwood Ave, #C1, Chicago, IL 60626, and states the unit is "not vacant." This is false: I vacated on August 16, 2025.
- By ignoring my relocation and subsequent renters insurance policy with State Farm, LexisNexis conceals critical facts.

**2. Residence History Errors**
- LexisNexis incorrectly states that I lived in Madison, WI during 2017. In fact, I resided at my parents' home during that time.
- Although some addresses are correct, the dates and property details are consistently inaccurate.

**3. False Property Ownership Records**
- The report falsely claims I own my parents' house and lists 21 property records.
- In reality, I only own three adjacent vacant lots on Lorain Ave., Lorain, OH 44055, valued at approximately $1,000 each if I'm lucky to sell them.
- The claim of a May 2018 mortgage is false. These properties have clear title and no encumbrances.
- LexisNexis cites itself as the source of these assessor records, though the official records are maintained by Lorain County, Ohio.

**4. Mortgage and Valuation Misstatements**
- The report incorrectly attributes ownership of my parents' house to me and values it at $107,654.
- This is a material misrepresentation of assets and ownership.

**5. USPS Source Dates**
- The report cites August 15, 2025, as a USPS source date for several prior addresses. This date aligns with Liberty Mutual's second denial letter and BJB Properties' unsigned five-day cure notice, both dated August 15, 2025.
- I vacated on August 16, 2025, after filing an in-person change of address with USPS on July 26, and verifying it again on August 20.
- USPS personnel informed me that my address change request appeared to be flagged as "fraudulent."

**6. Claim History Misrepresentation**
- On September 11, 2025, LexisNexis verbally stated (via recorded phone call) that Liberty Mutual reported a denied "weather" claim on June 16, 2025.
- In the written report, this claim was altered to a denied "water" claim. This change misrepresents the basis of Liberty's denial.

1

**7. Omission of Current Address Characteristics**
- In the "Address Characteristic Records," my current address is not listed.
- It is the only high-rise residence I have occupied outside of college housing (Morrill Tower, The Ohio State University, 2010–2011).

**8. Educational Records Errors**
- The report fails to list my two degrees from The Ohio State University.
- For my University of Wisconsin–Madison education, the report lists major code 0107, which corresponds to "Agricultural and Domestic Animal Services" under NCES CIP codes.
- This is false. My major is Environmental Engineering, within the Civil and Environmental Engineering department.

**9. Email Misattributions**
- The report states I own or control several email addresses that actually belong to other people.

**10. Insurance Inquiries Misreporting**
- LexisNexis omits the fact that State Farm pulled my file on August 4, 2025.
- Later in the Personal Property section, they inconsistently list State Farm as having pulled the file on that date, showing a denied water claim.
- They also falsely state that I was insured for only one month by Liberty Mutual. In fact, I maintained a Liberty Mutual renters policy from May 1, 2024, with monthly EFT premium payments.

**11. Auto Insurance Coverage Misrepresentation**
- The report misleadingly implies a lapse in auto insurance coverage and requests the person provide a reason for any insurance policy cancellations.
- This request is overbroad and inappropriate.
- In truth, I sold my 2022 Honda Civic and do not currently own a vehicle.
- I hold a valid non-owner auto insurance policy. LexisNexis ignored this fact and reports that I currently have a lapse in auto coverage.

**12. Improper Use of Credit File Data**
- LexisNexis forwards financial account data, including Discover Card information from Experian, to third parties requesting financial data.
- This use of consumer credit data is overbroad and inappropriate.
- The sharing of financial report data refutes LexisNexis' Sept 15 claims that this is not a consumer report subject to disclosure rules under the FCRA.

**13. Employment and Income Data**
- The report includes a trade line listing my income and employer.
- These fields are inaccurate and invasive. Employment history, income, and other personal data have no legitimate role in a CLUE property report.

**14. Real Estate Valuation Bias**
- LexisNexis reports values of real estate assets but does not list comparable values for properties I rented. This creates an unfair and misleading imbalance.

2

15. **FCRA Inconsistency**
   - In correspondence, LexisNexis claims that CLUE reports are not consumer reports subject to the FCRA.
   - Yet at the end of the CLUE report itself, LexisNexis states the report is governed by the FCRA. This contradiction undermines their credibility and compliance.

16. **Medical Claims Information**
   - The report improperly includes references to medical claims history. This information is irrelevant to property insurance and should not be collected or disclosed.

17. **Refusal of Transparency**
   - On September 8, LexisNexis told me (via a recorded phone call) not to email them or send a certified letter as these were not secure communications, and refused to provide an email address.
   - Yet in the CLUE report, they list an email contact.
   - LexisNexis also refused to send me the CLUE report directly, citing alleged address mismatches, fraudulent use of my identity, despite using USPS records for address verification on August 15.
   - Which naturally raises questions why the USPS refused to update my address starting July 26 after in-person written submission and ID verification.

18. **Concealment of Active State Farm Coverage**
   - On September 10, I provided LexisNexis with documentation of my active State Farm renters insurance and non-owner auto coverage, as well as my current lease.
   - These active policies were ignored in their September 15 report.

19. **Debt Collection Facilitation**
   - LexisNexis explicitly states it will provide skip-tracing services to aid in the collection of debts.
   - By misrepresenting my history and omitting valid policies, LexisNexis effectively arms Liberty Mutual, BJB Properties, and debt collectors with false and misleading data to harass me including inflating personal assets that can become encumbered or my income garnished.

---

**Conclusion**

The LexisNexis report dated September 15, 2025 is riddled with inaccuracies, contradictions, and omissions. The report collects a comprehensive personal profile and aims to intrusively document and share trivial details- stopping short of cataloguing the color of my rainbow-colored underwear. For the record, they are rainbow, sized medium, because I recently lost weight due to a stressful summer.

These errors are not benign clerical mistakes but systematic misrepresentations that conceal my relocation, active insurance coverage, educational credentials, and a plethora of other details, while falsely inflating my assets and liabilities. By aligning its record with Liberty Mutual's narrative and providing debt collection support, LexisNexis is actively facilitating harm and concealing the truth by refusing to set the record straight.

3

## Exhibit P-3: Debt Dispute to Credit Control Services

**Credit Collection Services**
PO Box 607
Norwood, MA 02062

Brian Crofoot
4180 N. Marine Dr
Apt 1501
Chicago, IL 60613

**Re: Formal Dispute of Alleged Debt — Demand for Validation**

September 24, 2025

To whom it may concern:

I dispute in full the accuracy, validity, and legitimacy of the information and debts you claim to hold and report regarding me. Your demands for me to pay these debts before October 7, 2025 are unlawful harassment and intimidation. This includes, without limitation, all debts allegedly owed to Liberty Mutual and your organization, including the $18 debt and trade-lines arising from my former residence at 6727 N. Glenwood Ave, Unit C1, Chicago, IL between May 1, 2024 through my vacate on August 16, 2025. You are ignored and failed to respond to my written dispute on August 31, 2025. You continue to collect this debt that is in dispute and ignore my demands for validation.

This $18 debt and related reporting are abjectly false and arise directly from concealed building code violations and unpermitted electrical/mechanical installations, including a sewage-drenched electrical breaker panel in a 1914 multi-residential building lacking firestops, which caused documented personal injury to me. These include BJB Properties' violation of a 2020 court order and unpermitted mechanical systems which are serious violations of the law and rendered the apartment uninhabitable and uninsurable and notified to law enforcement.

Pursuant to **15 U.S.C. §1692g (FDCPA)**, you must provide complete validation of any debt before engaging in further collection activity. Pursuant to **15 U.S.C. §1681g (FCRA)**, you must provide me with validation of your reasoning for pursuing this debt you and your client, Liberty Mutual, know is false. Pursuant to **815 ILCS 505/2 (ICFA)**, you may not engage in deceptive trade practices, including suppression of material facts.

**Be advised:** your activities and correspondence are **already preserved as Exhibits** in a pending multimillion-dollar lawsuit, ready to be filed at any moment. Further collection activity, misreporting, collusion, and obstruction will be added to this record as additional predicate acts.

1. Provide complete validation of the alleged debt and **within 5 calendar days** of receipt.
2. Provide the identity of all third parties to whom you have disclosed my information.
3. Cease all collection and reporting activities until full validation is provided and resolution of pending litigation.

Failure to comply will not only compound your statutory violations but will strengthen the evidentiary record already in place. I reserve the right to include your organization and/or agents as additional Defendants in any pending litigation without further notice.

Permit is All,

Brian Crofoot

*[signature]*

**14.** Plaintiff disputed Credit Control's demand on September 24, 2025 via USPS certified mail.

**Exhibit P-4: Debt Dispute to Hunter Warfield**

Hunter Warfield
4620 Woodland Corporate Blvd
Tampa, FL 33614

Brian Crofoot
4180 N. Marine Dr
Apt 1501
Chicago, IL 60613

**Re: Formal Dispute of Alleged Debt— Demand for Validation**

September 24, 2025

To whom it may concern:

I dispute in full the accuracy, validity, and legitimacy of the information and debts you claim to hold and report regarding me. Your demands for me to pay $1,607 before October 24, 2025 are unlawful harassment and intimidation. This includes, without limitation, any debts, including this debt from August 17, 2025 and trade-lines allegedly arising from my former residence at 6727 N. Glenwood Ave, Unit C1, Chicago, IL between May 1, 2024 through my vacate on August 16, 2025. You ignored and failed to respond to my written dispute on September 9, 2025 and continue to collect this debt that is in dispute. Further, your email does not acknowledge my new address and explain how interest is assessed.

This alleged debt and related reporting are abjectly false and arise directly from concealed building code violations and unpermitted electrical/mechanical installations, including a sewage-drenched electrical breaker panel in a 1914 multi-residential building lacking firestops, which caused documented personal injury to me. These include BJB Properties' violation of a 2020 court order and multiple unpermitted mechanical systems are serious violations of the law and rendered the apartment uninhabitable, uninsurable, and reported to law enforcement.

Pursuant to **15 U.S.C. §1692g (FDCPA)**, you must provide complete validation of any debt before engaging in further collection activity. Pursuant to **15 U.S.C. §1681g (FCRA)**, you must provide me with validation of your reasoning for pursuing this debt you and your client, BJB Properties know is false. Pursuant to **815 ILCS 505/2 (ICFA)**, you may not engage in deceptive trade practices, including suppression of material facts.

**Be advised:** your activities, calls, and correspondence are already preserved as Exhibits in a pending multimillion-dollar lawsuit, ready to be filed at any moment. Further collection activity, misreporting, or obstruction will be added to this record as additional predicate acts.

1. Provide complete validation of the alleged debt and **within 5 calendar days** of receipt.

2. Provide the identity of all third parties to whom you have disclosed my information.

3. Cease all collection and reporting activities until full validation is provided and resolution of pending litigation.

Failure to comply will not only compound your statutory violations but will strengthen the evidentiary record already in place. I reserve the right to include your organization and/or agents as additional Defendants in any pending litigation without further notice.

Permit is All,
Brian Crofoot

*Sent via USPS Certified Mail*

**15.** Plaintiff disputed Hunter Warfield's demand on September 24, 2025 via USPS certified mail.

**Exhibit P-5: Image of USPS Certified Mail Receipt, Sep. 25, 2025**



16. This United States Postal Service (USPS) Certified Mail receipt shows the tracking numbers for the letters Plaintiff sent to Defendants and Verisk Analytics. The tracking numbers correspond to the previous *Exhibits P:*

   1. Experian - 9598071052702896804974

   2. LexisNexis - 9589071052702896804998

   3. Credit Control Services - 9589071052702896804981

   4. Hunter Warfield - 9598071052702896805001

   5. Verisk Analytics - 9598071052702896804967

*Plaintiff's Notice of Filing: Dispute Letter Exhibits   Page 24*

**Exhibit S: Image of the Returned September 24 Rebuttal to LexisNexis**



**17.** This letter was returned to Plaintiff on October 8, 2025 containing *Exhibit P-2.*

## Exhibit M-2: Plaintiff's October 17, 2025 Experian Rebuttal Letter

**Experian Information Solutions, Inc.**
PO Box 26
Allen, TX 75013

Brian A. Crofoot
4180 N. Marine Dr, Apt 1501
Chicago, IL 60613

**Re: Experian's Continuing Role in Coordinated Concealment and Misreporting**

October 17, 2025

Dear Experian Dispute Department:

This letter supplements my certified dispute from **September 24, 2025**. I am not requesting reinvestigation or further action under the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.). I write solely to clarify Experian's documented role in a coordinated pattern of concealment and misreporting among **Liberty Mutual**, **BJB Properties**, **LexisNexis**, and **Experian** itself.

On **July 17, 2025**, Experian Rent Bureau transmitted to **Becovic Management Group** a rent-history report showing a **July 16, 2025** delinquency furnished by BJB Properties. Your initial **October 7, 2025** responses issued my credit report via mail and through your portal, stating that *"Limited amount of information regarding your dispute,"* and *"Disputed item not listed on credit report,"* while simultaneously directing me to *"contact the furnishers directly to dispute the information."* Those triple misrepresentations are inaccurate, deceptive, and misleading, violating the **Illinois Consumer Fraud and Deceptive Business Practices Act** (815 ILCS 505/2) and the **FCRA**.

Your second letter received with the first letter on October 15, 2025, rejected production of the disputed Rent Bureau report, echoing LexisNexis by citing the lack of identification and proper address information and explicitly stated leases and USPS address change records are not acceptable proof. You likewise demanded more proof of my position. Your production of the credit report shows you acknowledged my proper identity. This was not a clerical error, but a deliberate structural effort to launder responsibility, enable and conceal the misrepresentations and legal violations of a landlord and insurer.

The July 17 and October 7 transmissions confirm Experian's autopiloted denial engine mechanically replicated the same false narrative. Experian acted as an **active conduit** through which BJB and Liberty disseminated false delinquency data to third parties even as Experian withheld the same records from me. By instructing me to return to the very furnishers whose conduct is under dispute, Experian validated and perpetuated their misrepresentations—a **self-referential data loop** that frustrates independent verification and transparency.

Because Experian's systems serve as the **delivery mechanism** for this misinformation—while simultaneously withholding the corresponding Rent Bureau file from me—Experian functions as an equal participant in the resulting harm. This selective disclosure obstructs transparency, reinforces Liberty's and BJB's false narratives, and contributes directly to the damages described in my pending litigation.

This correspondence is provided **for evidentiary purposes only.** This serves to document Experian's additional statutory violations and memorialize Experian's continuing refusal to release the Rent Bureau data and communications with the furnishers to me, while it continues to share it with third parties despite previous notice.

Respectfully,

*Brian Crofoot* [signature]

Brian Crofoot,

*Physics is All – Truth clarifies confusion*

*Sent via USPS Certified Mail*

**18.** Plaintiff mailed this rebuttal letter to Experian following up to their Oct. 7, 2025 Credit Report that omitted the Rent Bureau Report.

**Exhibit M-3: Plaintiff's October 17, 2025 Experian Rebuttal Letter Receipt**



**19.** This photo shows Plaintiff's October 17, 2025 letter to Experian and subsequent Certified Mail Receipt from October 20, 2025, with tracking number 9589071052703201095001.