**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRIAN ALAN CROFOOT | ) | |
| | ) | |
| Plaintiff, | ) | Case Number 1:26-cv-00672 |
| | ) | |
| v. | ) | Judge Jeffrey I. Cummings |
| | ) | |
| LIBERTY MUTUAL PERSONAL | ) | |
| INSURANCE COMPANY, | ) | |
| BJB PROPERTIES, INC., | ) | |
| LEXISNEXIS RISK SOLUTIONS, INC., | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| HUNTER WARFIELD, INC., AND | ) | |
| CREDIT CONTROL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LIBERTY MUTUAL'S OPPOSED MOTION FOR 45-DAY EXTENSION OF TIME TO ANSWER OR OTHERWISE PLEAD**

NOW COMES the Defendant, LIBERTY MUTUAL PERSONAL INSURANCE COMPANY ("Liberty Mutual") by and through its attorneys, HeplerBroom, LLC, and for its Motion for Extension of Time to Answer or Otherwise Plead, moves this Court for an extension of time or otherwise plead to Plaintiff's Amended Complaint (Dkt. 31). In support thereto, Liberty Mutual states as follows:

1. On January 19, 2026, BRIAN ALAN CROFOOT ("Crofoot" or "Plaintiff") filed this lawsuit in the United States District Court for the Northern District of Illinois. (Dkt. 1).

2. In his complaint, Crofoot alleged a conspiracy between six defendants, fourteen (14) causes of action, several millions of dollars in damages, and asserts exceedingly long and exhaustive pleadings to present his case, totaling one hundred and seventy-seven (177) pages and nearly six hundred (600) pleading paragraph entries. (Dkt. 1).

1

3.     Crofoot served Liberty Mutual with a copy of the summons and complaint on February 19, 2026, and Liberty Mutual timely engaged the undersigned counsel, who appeared on March 5, 2026.  (Dkt. 23, 27)

4.     Subsequently, on March 6, 2026, this Court entered an order dismissing Plaintiff's complaint *sua sponte* on account of its lack of compliance with Federal Rules of Civil Procedure 8(a) and 10(b). (Dkt. 30).

5.     That order also granted all other Defendants' then pending motions for extensions of time to answer or otherwise plead and deferred their respective responsive pleading deadlines pending further order of the Court.  (Dkt. 30)

6.     The Court also granted Plaintiff leave to file an amended complaint by March 27, 2026, which Plaintiff then filed on March 12, 2026. (Dkt. 30, 31). Though pared back from his initial complaint, this amended complaint still constitutes forty-two (42) pages and one hundred-and-forty-five (145) paragraph pleadings, plus a further seven paragraphs in the amended complaint's requested relief.  (Dkt. 31)

7.     Ostensibly arising out of a disputed property insurance claim, the amended complaint itself alleges a wide-ranging civil conspiracy, including purported RICO violations, and purported violations of the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and Illinois Consumer Fraud Act, among others, across eight separate counts.  (Dkt. 31)

8.     Pursuant to the operation of the Federal Rules of Civil Procedure, Liberty Mutual had fourteen (14) days following service of the amended complaint to file a responsive pleading, through March 26, 2026.  Fed. R. Civ. P. 15(a)(3).

9.     As a result of clerical error, the 21-day responsive pleading deadline under Rule 12, instead of the 14-day standard governed by Rule 15, was calendared for Plaintiff's amended

complaint, and Defendant docketed its responsive pleading date for April 2, 2026, instead of March 26, 2026.

10.     Liberty Mutual seeks a forty-five (45) day extension from this March 26, 2026 deadline, through and including May 11, 2026[1], to answer or otherwise plead to Plaintiff's amended complaint.

11.     Federal Rule of Civil Procedure 6(b) provides a "court may, for good cause, extend the time...if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).

12.     Excusable neglect is determined by considering: 1) the danger of prejudice to the non-movant, 2) the length of delay and its impact of the judicial proceedings, 3) the reason for the delay, and 4) the movant's good faith. Ollison v. Wexford Health Sources, No. 17-1077, 2019 WL 11321228, at *2 (C.D. Ill. Sept. 13, 2019); *citing* Pioneer Investment Services, Co. v. Brunswick Associates, Ltd., 507 U.S. 380, 395 (1993).

13.     The factors set forth in Pioneer Investment Services counsel for a finding of excusable neglect and allowance of an extension to answer. Specifically, there is neither prejudice to the non-moving party (Plaintiff) nor has the approximate three (3) day delay between the March 26, 2026 responsive pleading deadline and the date of the instant motion impacted or delayed these proceedings – no initial status has been set, save for the April 27, 2026 tracking status hearing, and no substantive orders have been entered.  (Dkt. 29)

14.     Further, the reason for the delay is clerical in nature.  Counsel for movant timely appeared on behalf of Defendant in this lawsuit, and while its original, 21-day responsive pleading deadline was pending, this Court, *sua sponte* dismissed Plaintiff's complaint.  (Dkt. 27, 29)

---

[1] 45 days from the March 26, 2026 responsive pleading date falls on Sunday, May 10, 2026, and the requested deadline has therefore been adjusted to the following business day, Monday, May 11, 2026.

15.     Plaintiff then filed his amended complaint on March 12, 2026, and Defendant's staff inadvertently docketed the 21-day standard response deadline, instead of the 14-day amended pleading response deadline as set forth in Rule 15(a)(3).   Courts within the Seventh Circuit have found that a failure to properly calendar a deadline can constitute excusable neglect. *See* Castillo v. Nurnberg, 2014 WL 1607386, at *2 (N.D. Ind. Apr. 21, 2014); Boctking v. United States, 2010 WL 2265310, at *2 (S.D. Ind. June 2, 2010).

16.     Lastly, the movant has acted with good faith and with expeditious speed to appear and seek an extension of time from this Court within 24 hours of learning of the existence of the mis-calendared deadline. *See*, Yoder v. David, No. 21-CV-01385-SPM, 2022 WL 3040936, at *3 (S.D. Ill. Aug. 2, 2022) ["Upon entering her appearance in this case, Defense Counsel acted promptly and in good faith to request additional time to respond. Additionally, there will be no prejudice to Yoder as the case is still in its early stages."]

17.     Defendant submits that the requisite good cause exists for the extension of its responsive pleading deadline through and including May 11, 2026, as its counsel was recently retained in the matter, has not had an opportunity to substantively review the claim file materials, no prior extensions have been requested, no discovery or motion practice of any kind has occurred with respect to this Defendant, no prejudice will result to Plaintiff from the extension and Defendant moved expeditiously to secure the extension – within one (1) day of learning of its calendar error.

18.     Liberty Mutual also recently retained the undersigned counsel, and defense counsel has not yet had a chance to fully review Plaintiff's extensive allegations or receive and review the relevant claim file materials for this matter, which will be required to prepare responsive pleadings for Liberty Mutual in this matter.

19.     This is Liberty Mutual's first request for an extension of time and is being made so counsel can acquaint themselves with the facts and circumstances of this litigation and work with their client to formulate the appropriate response to the amended complaint.

20.     Liberty Mutual submits that the requisite good cause exists for the extension of its responsive pleading deadline through and including May 11, 2026, as its counsel was recently retained, is still reviewing Plaintiff's amended pleadings and Defendant's underlying claim file, the motion is being filed prior to any entry of default, prior to any substantive orders being entered, in the absence of any prior requests for an extension, and is being brought within three (3) days of the original responsive pleading deadline and within one (1) day of learning the clerical oversight that mis-calendared the responsive pleading date.

**Compliance with Standing Order**

21.     Consistent with this Court's standing order, Attorney Brandt Miller emailed the Plaintiff on March 27, 2026, advising of Defendant's intent to seek an extension and inquiring as to whether Plaintiff objected to the requested relief, citing this Court's requirement to confer prior to motion filing.  (A true and accurate copy is attached and incorporated as Ex. 1)

22.     Plaintiff responded in writing on March 28, 2026, accusing Defendant's co-counsel of being condescending in his meet and confer request, further demanding $2.5 billion from Defendant, and tacking on "a $50 million stupidity tax."  (Ex. 1)

23.     Such invective is neither civil, nor in keeping with the decorum required of this Court.  *See,* Ibata v. Board of Education of Edwardsville Community School District, No. 06-173-GPM, 2008 U.S. Dist. LEXIS 132519, at *21 (S.D. Ill. Mar. 7, 2008)(Court has powerful tools at its disposal to induce compliance with the minimum standards of decorum that it requires of the litigants and attorneys who appear before it); *see also* Radowicz v. Wisconsin Energy Corp., No.

5

99-C-0528, 2001 U.S. Dist. LEXIS 28587, at *9 (E.D. Wis. Sep. 20, 2001)(All litigants, including pro se parties, are expected to litigate their cases with civility and appropriate decorum)

24.     While Plaintiff never answered the inquiry on his position as to an extension, given the personal insults and invective in the response, his opposition is presumed.  Defendant would request that its motion be granted over Plaintiff's opposition and that Plaintiff be admonished to conduct himself in accordance with the standards of civility and decorum required of this Court.

WHEREFORE, Defendant, LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, respectfully requests that this Honorable Court grant its motion and extend the time to answer or otherwise plead to Plaintiff's amended complaint through and including May 11, 2026, and for any other relief that this Court deems necessary and just.

Respectfully submitted,

**LIBERTY MUTUAL PERSONAL INSURANCE COMPANY**

By:     /s/ James P. DuChateau, Esq.
             One of its Attorneys

James P. DuChateau, Esq.
Brandt T. Miller, Esq.
HEPLER BROOM, LLC
70 W. Madison St., Ste. 2600
Chicago, Illinois 60602
Phone No. (312) 230-9100
Email: james.duchateau@heplerbroom.com
Email: brandt.miller@heplerbroom.com
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I, James P. DuChateau, hereby certify that on <u>March 29, 2026</u> a true and correct copy of ***Defendant's Motion for 45-Day Extension of Time To Answer Or Otherwise Plead*** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the all counsel of record who have heretofore appeared in this matter.

/s/ <u>James P. DuChateau</u>

7