

FILED
5/27/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
AXM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN ALAN CROFOOT, | ) | **Case:** 1:26-cv-00672 |
| *Plaintiff,* | ) | **Judge:** Jeffrey I. Cummings |
| v. | ) | |
| | ) | |
| LIBERTY MUTUAL PERSONAL | ) | |
| INSURANCE COMPANY, ET AL, | ) | |
| *Defendants.* | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY

Plaintiff Brian Alan Crofoot, pro se, respectfully moves for leave to file the attached Sur-Reply in Opposition to Liberty Mutual's Reply in Support of its Motion to Dismiss (Dkt. 39). Liberty's Reply raises new arguments and mischaracterizations regarding Plaintiff's exhibits and qualifications that could not have been fully addressed in Plaintiff's original opposition. Granting leave will aid the Court in resolving the Motion to Dismiss and will not prejudice Defendants.

Respectfully submitted,

/s/ Brian Alan Crofoot, Pro se

**Dated:** May 27, 2026

**Email:** crofoot.bc@gmail.com

# PLAINTIFF'S SUR-REPLY IN OPPOSITION TO LIBERTY MUTUAL'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

## I. TO THE HONORABLE JUDGE AND JURY:

Plaintiff Brian Alan Crofoot, pro se, respectfully submits this sur-reply. Liberty's Reply largely evades the substance of Plaintiff's docketed exhibits and instead resorts to procedural objections.

## II. LIBERTY EVADES THE SUBSTANCE OF PLAINTIFF'S EXHIBITS

Liberty fails to meaningfully address **Exhibits G and H-2**, which together establish a plausible RICO enterprise. **Exhibit H-2** provides a detailed mechanical schematic showing the closed-loop coordination among Defendants, including traceable financial flows and a measured system efficiency of $\eta = -213\%$. **Exhibit G** demonstrates that Plaintiff's damages are modest and proportional relative to the billions in preventable industry-wide waste – **including Liberty's own estimated share of approximately \$800 million to \$1.2 billion** – rather than engaging these exhibits on the merits, Liberty offers only conclusory objections that they are "speculative" or "not expert."

**Plaintiff holds a Master of Engineering in Civil and Environmental Engineering from the University of Wisconsin-Madison (December 2022)** and was an Environmental Engineer for Cook County (Badge #161). His analysis in **Exhibit H-2** applies standard systems-engineering and process-flow-diagramming methods he uses daily in his professional capacity. Liberty's attacks on his qualifications do not refute the substance of the evidence already on the docket.

Liberty's Reply also downplays **Exhibit C** (the July 25, 2025 Boychuck letter) as mere "parallel conduct." This letter shows BJB's counsel quoting Liberty's internal claim denial details verbatim — direct evidence of coordination that Liberty's Reply never explains. This is corroborated by their own formal response to the Illinois Department of Insurance **(Exhibit D).** Exhibit D admits to violations of **Count VI (IIPPA).**

Notably, Liberty's Reply itself describes Plaintiff's allegations as a "criminal conspiracy and enterprise" (Dkt. 39, p. 2), thereby acknowledging the very agreement Plaintiff has plausibly pled under 18 U.S.C. § 1962(d).

Plaintiff has satisfied the broad pleading standard for RICO set by the Supreme Court in *Boyle v. United States, 556 U.S. 938 (2009),* which instructs courts to read the statute liberally and requires only a common purpose, relationships among associates, and a pattern of racketeering — all of which are plausibly alleged here.

### III. THE $0 PERMIT CHECK REMAINS UNANSWERED

Liberty also fails to address the counterfactual analysis in **Revised Exhibit H-2:** for $0–$5, Liberty could have verified building permits before issuing the policy, preventing the entire chain of harm. This single, low-cost intervention would have avoided Plaintiff's damages and billions in systemic waste. Liberty's silence on this point speaks volumes.

### IV. CONCLUSION

Liberty's Reply does not cure the deficiencies in its Motion to Dismiss. Plaintiff has pled plausible claims supported by docketed exhibits that demonstrate enterprise coordination, economic proportionality, and systemic harm. The Motion to Dismiss should be denied.

Respectfully submitted,

/s/ Brian Alan Crofoot, Pro se

**Dated:** May 27, 2026

**Email:** crofoot.bc@gmail.com

## CERTIFICATE OF SERVICE

I, Brian Alan Crofoot, hereby certify that on May 27, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ Brian Alan Crofoot