UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN ALAN CROFOOT, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 1:26-cv-00672 |
| | § | |
| LIBERTY MUTUAL PERSONAL | § | |
| INSURANCE COMPANY, | § | |
| BJB PROPERTIES, INC., | § | |
| LEXISNEXIS RISK SOLUTIONS, INC., | § | |
| EXPERIAN INFORMATION | § | |
| SOLUTIONS, INC. | § | |
| HUNTER WARFIELD, INC., and | § | |
| CREDIT CONTROL SERVICES, INC. | § | |
| *Defendants.* | § | |

**DEFENDANT HUNTER WARFIELD, INC.'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Hunter Warfield, Inc. ("HWI") files its Motion to Dismiss Plaintiff's Amended

Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as follows:

**INTRODUCTION**

On January 19, 2025, Plaintiff filed his Complaint against HWI alleging fourteen (14)

distinct causes of action. [Docket No. 1]. This Court, *sua sponte*, dismissed Plaintiff's Complaint

for failure to comply with Rule 8 and Rule 10 of the Federal Rules of Civil Procedure. [Docket

No. 30]. In its order, the Court discussed issues within Plaintiff's Complaint concerning improper

joinder under Rule 18 and Rule 20 of the Federal Rules of Civil Procedure. *Id.*

Plaintiff filed an Amended Complaint on March 12, 2026. [Docket No. 31]. Plaintiff's

Amended Complaint alleges eight (8) distinct causes of action including violation of the Racketeer

Influenced and Corrupt Organizations Act ("RICO"), violation of the Fair Credit Reporting Act

1

("FCRA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Illinois Consumer Fraud Act ("ICFA"), Intentional Infliction of Emotional Distress, violation of the Illinois Insurance Information and Privacy Protection Act ("IIPPA"), and violation of the Chicago Residential Landlord Tenant Ordinance ("RLTO"). *Id.*

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted. Specifically, Plaintiff's Amended Complaint does not meet the general pleading requirements of Fed. R. Civ. P. 8 and 12 and Plaintiff does not plead any plausible facts entitling him to relief against HWI. Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) accepts as true all well-pleaded allegations of the complaint and draws reasonable inferences therefrom in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a court must dismiss any claim where the Plaintiff cannot prove any set of facts to set for the essential elements of a cause of action upon which relief can be granted. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); see also Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief").

The court need not accept as true "statements of law or unsupported conclusory factual allegations." *Lax v. Mayorkas*, 20 F. 4th 1178, 1181 (7th Cir. 2021) (quoting *Bilek v. Fed. Ins.*

*Co.*, 8 F.4th 581, 586 (7th Cir. 2021)).  "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'"  *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 679).

## ARGUMENT & AUTHORITIES

**I.     Plaintiff's Amended Complaint Fails to Meet the General Pleading Standards of Fed. R. Civ. P. 8 and 12.**

Plaintiff's Amended Compliant does not meet the pleading requirements imposed by the Federal Rules of Civil Procedure.  Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that fails "to state a claim upon which relief can be granted," (Fed. R. Civ. P. 12(b)(6)) which Federal Rule of Civil Procedure 8 expounds upon by requiring that pleadings submitted to federal court contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Wertymer v. Walmart, Inc.*, 142 F.4th 491, 494 (7th Cir. 2025) (quoting Fed. R. Civ. P. 8(a)(2)).

The Seventh Circuit is clear that the Federal Rules of Civil Procedure pleading standards require "more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate." *Sevugan*, 931 F.3d at 614 (quotation omitted).  A plaintiff cannot meet federal pleading requirements "by attaching bare legal conclusions to narrated facts

3

which fail to outline the bases of [his] claim." *Perkins v. Silverstein*, 939 F.2d 463, 466–67 (7th Cir. 1991).

Although Plaintiff did pair down his Amended Complaint from his first attempt at pleading, the Amended Complaint consists of 145 paragraphs, many of which include general, conclusory statements aimed at all Defendants rather than pleading plausible allegations of fact. Plaintiff frequently refers to a coordinated conspiracy between the Defendants and asserts bare speculation and conjecture of fraud and racketeering activity. Such conclusory allegations do not meet the pleading standards of the Federal Rules of Civil Procedure. Plaintiff cannot use labels and recitations of elements of a certain cause of action to properly plead under the Federal Rules of Civil Procedure. On this basis alone, Defendant respectfully requests Plaintiff's Amended Complaint be dismissed with prejudice.

## II. Plaintiff's Amended Complaint Fails to Allege Any Facts That Give Rise to Entitlement for Relief Against HWI

### A. Count I: RICO Claim

Plaintiff's Amended Complaint generally alleges that the Defendants operated an association-in-fact enterprise through coordinated use of insurance, rental, credit reporting, and debt collection systems to deny coverage/habitability, generate adverse reports, and perpetuate economic harm for profit via retained premiums, rent, and collection fees. [Docket No. 31, ¶ 76]. As to HWI specifically, Plaintiff alleges HWI pursued disputed/inflated debts originated by Liberty Mutual and BJB Properties and failed to investigate/acknowledge disputes. *Id.* at ¶ 77. Plaintiff has not alleged any plausible facts in the Amended Complaint to maintain a RICO claim against HWI, and as such, the RICO claim should be dismissed.

Plaintiff's conclusory allegations ultimately allege that HWI violated U.S.C. § 1962(c) and § 1962(d) of RICO. HWI allegedly violated U.S.C. § 1962 by engaging in mail fraud and wire

fraud to pursue disputed/inflated debts and failing to investigate/acknowledge disputes. [Docket No. 31, ¶ 77]. Under federal law, mail fraud requires three essential elements, "(1) the defendant's participation in a scheme to defraud; (2) the defendant's intent to defraud; and (3) the defendant's use of the mails in furtherance of the fraudulent scheme." *United States v. Henningsen*, 387 F.3d 585, 589 (7th Cir. 2004).

HWI did not engage in mail fraud. HWI, in its business capacity, simply attempted to collect on a debt that was placed with it. The only allegations against HWI in Plaintiff's RICO Cause of Action are that HWI pursued collecting a debt and failed to acknowledge his dispute. [Docket No. 31, ¶ 77]. That in no way supports a claim to relief that is plausible regarding an alleged civil violation of RICO by way of mail fraud. Plaintiff's Amended Complaint fails to plead any semblance of factual content allowing this Court to draw a reasonable inference that HWI is liable for RICO violations. Plaintiff fails to plead any factual allegations giving rise to relief that HWI participated in a scheme to defraud or had any level of awareness or intent to defraud using the mail.

Wire fraud also requires three essential elements, "(1) the defendant participated in a scheme to defraud; (2) the defendant intended to defraud; and (3) a use of an interstate wire in furtherance of the fraudulent scheme." *United States v. Pacilio*, 85 F.4th 450, 462 (7th Cir. 2023) (quoting *United States v. Powell*, 576 F.3d 482, 490 (7th Cir. 2009)). Again, Plaintiff has entirely failed to plead with any level of plausibility any action or inaction on the part of HWI that gives rise to a wire fraud claim. Rather, Plaintiff simply alleges that HWI pursued disputed/inflated debts originated by Liberty Mutual and BJB Properties and failed to investigate/acknowledge disputes. [Docket No. 31, ¶ 77]. Such allegations are not sufficient to maintain a RICO claim against HWI because Plaintiff does not allege a scheme to defraud or intent to defraud on the part

5

of HWI.  Further, there is no factual allegations pled regarding the use of an interstate wire by HWI—which HWI did not use.

The only allegation pled against HWI is that it attempted to collect a debt from Plaintiff, and this is exactly what HWI did—no more, no less.  HWI was simply doing its job.  As such, because Plaintiff's mail fraud and wire fraud allegations do not raise to entitlement of relief, Plaintiff's RICO claim against HWI should be dismissed.

**B.      Count II: FCRA Claim**

Plaintiff does not allege any direct factual allegations against HWI in Count II.  *See generally* [Docket No. 31, Count II].  However, in Plaintiff's prayer for relief in Count II, he requests judgment against each Defendant, jointly and severally.  *Id.* at p. 24.  As such, HWI moves for dismissal of Count II.

Nowhere in Plaintiff's Amended Complaint does he allege that HWI reported collection activity to the major credit bureaus or that he submitted any credit dispute to a credit bureau that was then sent to HWI.  To maintain a 15 U.S.C. § 1681s-2(b) claim –

> 1. The plaintiff must make a prima facie showing that the data furnisher provided incomplete or inaccurate information. 2. The plaintiff must also show that the incompleteness or inaccuracy was the product of an unreasonable investigation— that is, had the furnisher conducted a reasonable investigation, it would have discovered that the data it provided was incomplete or inaccurate.

*Frazier v. Dovenmuehle Mortgage, Inc.*, 72 F.4th 769, 775 (7th Cir. 2023).  Additionally, to maintain an FCRA claim against a furnisher, a plaintiff must plead that the furnisher received a dispute notification from a credit bureau.  *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

Plaintiff has in no way pleaded any facts against HWI giving rise to a § 1681s-2(b) claim because he has not alleged that HWI credit reported.  Plaintiff has also failed to plead with any

6

level of plausibility that HWI ever received a dispute notification from a credit bureau. These two facts alone are basis for dismissal of Plaintiff's FCRA claim. Furthermore, the Seventh Circuit has consistently held that where a plaintiff directs all factual allegations at codefendants and pleads nothing against a particular named defendant, dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is warranted. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013); *Brooks v. Ross*, 578 F.3d 574, 581–82 (7th Cir. 2009).

As such, because Plaintiff fails to allege that HWI credit reported or received a dispute notification from a credit bureau and all factual allegations in Count II are directed at codefendants, dismissal of the FCRA claim against HWI is warranted.

## C. Count III: FDCPA Claims

### i. FDCPA § 1692g claims

Plaintiff alleges HWI failed to provide a written validation notice within five days of initial communication which Plaintiff alleges violates FDCPA § 1692g(a). [Docket No. 31, ¶ 102]. Plaintiff also alleges HWI continued collection efforts after receiving his dispute, which he alleges violates FDCPA § 1692g(b).

FDCPA § 1692g(a) requires a debt collector to send the consumer a written notice within five days after the initial communication. This is commonly known as the initial collection notice and must include the amount of the debt, the name of the creditor, and statements regarding the validity of the debt and disputing the debt. FDCPA § 1692g(a). HWI sent its initial collection notice to Plaintiff in its first contact with Plaintiff via email on September 9, 2025. *See* (Ex. A, HWI's Initial Collection Notice)[1]. The initial collection notice included the amount of the debt,

---

[1] The Seventh Circuit has carved out an exception to the general rule that a court may not consider matters outside the pleadings on a Rule 12(b)(6) motion. A court may consider documents attached to a motion to dismiss if they are (1) referenced in the plaintiff's complaint; (2) concededly

the name of the original creditor, and all required statements regarding validity and disputing the debt. *Id.* As such, HWI complied with its disclosure requirements under FDCPA § 1692g(a) and Plaintiff has failed to plead any plausible factual allegations entitling him to relief against HWI.

Under Seventh Circuit law, when a debt collector receives a dispute pursuant to FDCPA § 1692g(b), "they may provide the requested validations and continue debt collection activities, or they may cease all collection activities. *Jang v. A.M. Miller and Associates*, 122 F.3d 480, 483 (7th Cir. 1997) (citation omitted). Prior to receiving Plaintiff's September 24, 2025 written dispute and demand for validation, HWI received a dispute and demand for validation via email from Plaintiff on September 9, 2025. *See* (Ex. B, Plaintiff's Account Notes)[2]. As evidenced by Plaintiff's account notes, HWI shut down all collection activity after receipt of the September 9, 2025 email. *Id.* The account notes indicate Plaintiff's account was tagged as cease collections, no calls, no emails, and no letters. *Id.* In response to receiving Plaintiff's dispute, HWI ceased all collection activities, which is fully compliant with its obligations when receiving a dispute. *Jang*, 122 F.3d at 483. As such, Plaintiff pleads no plausible factual allegations entitling him to relief under FDCPA § 1692g(b).

### ii. FDCPA § 1692e claims and § 1692f claim

Plaintiff alleges a conclusory allegation that HWI misrepresented the character, amount, and legal status of the debt and cites to FDCPA § 1692e(2)(A). [Docket No. 31, ¶ 104]. Plaintiff

---

authentic; and (3) central to the plaintiff's claim. *Fin. Fiduciaries, LLC v. Gannett Co., Inc.*, 46 F.4th 654, 663 (7th Cir. 2022). Here, Plaintiff references HWI's initial collection notice in the Amended Complaint. The authenticity of the initial collection notices is not disputed, and the initial collection notice is central to Plaintiff's FDCPA § 1692g claims.

[2] Plaintiff's account notes indicating disputes/demands for validation are referenced in the Amended Complaint, the authenticity of such account notes are not contested, and the account notes are central to Plaintiff's FDCPA § 1692e and 1692f claims. *Fin. Fiduciaries, LLC*, 46 F.4th at 663.

also alleges in a conclusory fashion that HWI threatened consequences it could not lawfully impose and used unfair means to collect the debt and cites to FDCPA § 1692e(5) and FDCPA § 1692f. Federal Rules of Civil Procedure pleading standards require "more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate." *Sevugan*, 931 F.3d at 614 (quotation omitted). A plaintiff cannot meet federal pleading requirements "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466–67.

Here, all of Plaintiff's FDCPA § 1692e and § 1692f allegations against HWI are simply formulaic recitations of the elements of the cause of action. In no way does Plaintiff plead any semblance of plausible factual allegations against HWI entitling him to relief. Plaintiff only makes conclusory statements about some threatened consequences and utilization of unfair means to allegedly collect a debt. However, Plaintiff does not allege any facts that give rise to the finding of HWI threatening consequences or using unfair means in collecting a debt.

The same goes for Plaintiff's allegation that HWI misrepresented the character, amount, and legal status of the debt. He has failed to allege any plausible facts giving rise to claims under FDCPA § 1692e and § 1692f. HWI is entitled to fair notice of the underlying factual allegations allegedly giving rise to the FDCPA § 1692e and § 1692f claims. *Brooks,* F.3d at 581. Plaintiff cannot maintain these causes of action by simply reciting the elements of the claim and not giving HWI the notice it is entitled to under the Federal Rules of Civil Procedure. Dismissal is the proper remedy.

**D.      Count IV: ICFA Claim**

Plaintiff alleges the Defendants engaged in unfair and deceptive acts or practices in the conduct of trade or commerce in violation of 815 ILCS 505/2. [Docket No. 31, ¶ 108]. Plaintiff's

only allegation in Count IV that is even arguably attributable to HWI is "disseminating false or misleading information through coordinated consumer reports and debt collection (adverse Rent Bureau/CLUE entries, continued collection on disputed debts)." *Id.*

Under the Illinois Consumer Fraud Act, a Plaintiff must establish the following elements to maintain a cause of action,

> (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in a course of conduct involving trade or commerce, (4) actual damage to the plaintiff, and (5) that the damage resulted from the deception.

*Ambrosius v. Chi. Athletic Clubs, LLC,* 2021 IL App (1st) 200893. On the face of Plaintiff's Amended Complaint, he cannot establish multiple necessary elements to maintain his ICFA claim against HWI.

First, Plaintiff does not allege any factual allegations related to a deceptive act or practice by HWI. Plaintiff generally alleges in a conclusory fashion against all Defendants a dissemination of false or misleading information through debt collection. [Docket No. 31, ¶ 108]. This general allegation directed at all the Defendants does not plead with any level of plausibility facts that give rise to entitlement of relief against HWI. Moreover, Plaintiff has not pleaded any factual allegations against HWI that tend to suggest intent to deceive on the part of HWI. Because a finding of intent is necessary to maintain an ICFA claim, Plaintiff's Amended Complaint fails to state a claim under the ICFA.

Moreover, Plaintiff cannot establish any damages that derive from alleged conduct of HWI. In Plaintiff's causation and harm prayer for relief in Count IV, he does not allege any facts related to debt collection activity. As such, Plaintiff has failed to plead any facts giving rise to a finding that HWI's alleged conduct caused him damages. Dismissal of Count IV for failure to state a claim is warranted.

**E.**     **Count V: Intentional Infliction of Emotional Distress Claim**

Plaintiff does not allege any direct factual allegations against HWI in Count V. *See generally* [Docket No. 31, Count V]. However, Plaintiff generally alleges conclusory allegations against all Defendants and in the prayer for relief in Count V, he respectfully requests judgment against each Defendant, jointly and severally. *Id.* at p. 24. As such, HWI moves for dismissal of Count V.

To prevail on an Intentional Infliction of Emotional Distress claim, a plaintiff must demonstrate that (1) the defendants' conduct was extreme and outrageous; (2) the defendant knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress. *Burks v. Soto*, 2016 U.S. Dist. LEXIS 150829, *10 (N.D. Ill. 2016); *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010).

Negligent or reckless acts by a defendant cannot support a claim for Intentional Infliction of Emotional Distress. *Burks*, 2016 U.S. Dist. LEXIS 150829 at *11. Neither can allegations of actions that amount to insult, indignities, threats, annoyances  on the part of a defendant. *Davenport v. City of Chicago*, 653 F. Supp. 2d 885, 895 (N.D. Ill. 2009). Rather, an Intentional Infliction of Emotional Distress claim can only be sustained by allegations and circumstances "where the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency," and where the "distress inflicted must be so severe that no reasonable person could be expected to endure it." *Id.* (quotations omitted).

Here, Plaintiff has failed to plead with any level of plausibility factual allegations supporting any of the necessary elements to maintain his Intentional Infliction of Emotional Distress claim. Plaintiff generally alleges that the conduct of Defendants caused him certain health

11

hazards. [Docket No. 31, ¶ 115]. Plaintiff also alleges that Defendants ignored his concerns and repair requests. *Id.* at ¶ 116. These allegations do not support a finding of extreme and outrageous conduct, and—more importantly—this conduct was not engaged in by HWI.

Plaintiff does not plead any conduct of HWI that is so outrageous and extreme as to go beyond all possible bounds of decency. None of Plaintiff's factual allegations in Count V demonstrate anything other than an aggrieved tenant who disagrees with the decisions of his landlord, BJB Properties and insurance policy holder, Liberty Mutual. Plaintiff's subjective opinions and general frustrations with the outcome of the investigation into the sewage leak at his apartment do not amount to any finding that HWI engaged in conduct that was extreme and outrageous. As such, dismissal of Plaintiff's Intentional Infliction of Emotional Distress claim is warranted.

**F.      Count VI: IIPA Claim**

The purpose of the IIPA is found at 215 ILCS 5/1001. The Act states:

> The purpose of this Article is to establish standards for the collection, use and disclosure of information gathered in connection with insurance transactions by **insurance institutions, agents or insurance-support organizations**.

(emphasis added).

HWI is not an insurance institution, insurance agent, or an insurance-support organization. As such, the Act does not apply to HWI. Furthermore, Plaintiff does not plead with any level of plausibility any factual allegations against HWI in Count VI. HWI respectfully moves for dismissal of Plaintiff's IIPA claim.

**G:      Count VII: Chicago RLTO Claim**

Chicago Municipal § 5-12-010 (Title, Purpose and Scope) states:

> It is the purpose of this chapter … to establish the rights and obligations of the landlord and the tenant in the rental of dwelling units.

12

The Act further states:

> This chapter applies to, regulates and determines rights, obligations and remedies under every rental agreement for a dwelling unit located within the City of Chicago.

HWI is not a landlord and did not enter into any rental agreement for a dwelling united located within the City of Chicago with Plaintiff. The Act does not apply to HWI. Plaintiff further does not allege any factual allegations against HWI in Count VII giving rise to an RLTO claim against HWI. As such, dismiss of Plaintiff's RLTO claim is proper.

## H:     Count VIII: Unjust Enrichment

Plaintiff generally alleges that HWI received fees and commissions from publishing inaccurate reports and collecting on disputed debts. [Docket No. 31, ¶ 139]. Plaintiff also alleges that HWI derived benefits from the false information and that retention of these alleged benefits is unjust. *Id.* at 140, 141. In Illinois, "[t]o state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris Inc.*, 656 F.3d 511 (7th Cir. 2011) (citation omitted).

In a conclusory fashion, Plaintiff alleges that HWI somehow retained benefits when it attempted to collect a debt from Plaintiff. [Docket No. 31, ¶ 140]. Plaintiff fails to plead with any level of plausibility what so called benefits HWI unjustly retained. It is undisputed that nowhere in Plaintiff's Amended Complaint does he allege he ever made payment to HWI. In fact, he pleads the exact opposite, that HWI "attempted to collect" a $1,607.00 debt arising from his rental obligation at BJB Properties. [Docket No. 31, ¶ 99]. Plaintiff also alleges that he disputed the

13

debt. *Id.* at ¶ 103. HWI did not retain any benefit, and Plaintiff has failed to plead otherwise. Dismissal of Plaintiff's Unjust Enrichment claim is proper.

## CONCLUSION

For the reasons stated above, Defendant Hunter Warfield, Inc. respectfully requests the Court grant its Motion to Dismiss and dismiss Plaintiff's claims against it in their entirety.

Dated: July 31, 2026.                    Respectfully submitted,

**FROST ECHOLS LLC**

*/s/ Cooper Walker*
COOPER M. WALKER
18383 Preston Road, Suite 350
Dallas, TX 75252
Phone: (817) 290-4356
Email: Cooper.Walker@frostechols.com

***COUNSEL FOR DEFENDANT
HUNTER WARFIELD, INC.***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been forwarded

to all parties of record via **CM/ECF** on this 31st day of July, 2026.

Brian Alan Crofoot
4180 N. Marine Drive, #1501
Chicago, IL 60613
Crofoot.bc@gmail.com

*/s/ Cooper Walker*
COOPER M. WALKER