**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| BRIAN ALAN CROFOOT, | ) | Case No. 26-cv-00672 |
|  | ) |  |
| *Plaintiff,* | ) | Hon. Jeffrey I. Cummings |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| LIBERTY MUTUAL INSURANCE CO., | ) |  |
| BJB PROPERTIES, INC., | ) |  |
| LEXISNEXIS RISK SOLUTIONS, INC., | ) |  |
| EXPERIAN INFORMATION | ) |  |
| SOLUTIONS, INC., | ) |  |
| HUNTER WARFIELD, INC., & | ) |  |
| CREDIT CONTROL SERVICES, INC., | ) |  |
|  | ) |  |
| *Defendants*. | ) |  |
|  | ) |  |

**DEFENDANT BJB PROPERTIES, INC.'S RULE 12(B)(6) MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendant BJB PROPERTIES, INC., ("BJB") by and through its undersigned attorneys, Cary G. Schiff & Associates, hereby moves to dismiss the claims against it in Plaintiff's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its motion, Defendant states as follows:

**Introduction and Background**

On March 12, 2026, Plaintiff filed the present eight-count Amended Complaint against BJB and five other co-defendants, relating to Plaintiff's former residential tenancy at a building managed by BJB and an alleged water leak that occurred at his apartment in June 2025. Plaintiff's Complaint alleges violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count I); violation of the Federal Credit Reporting Act ("FCRA") (Count II); violation of the Fair Debt Collection Practices Act ("FDCPA") (Count III); violation of the Illinois Consumer Fraud

Act ("ICFA") (Count IV); intentional infliction of emotional distress (Count V); violation of the Illinois Insurance Information and Privacy Protection Act ("IIPPA") (Count VI); violation of the Chicago Residential Landlord Tenant Ordinance ("RLTO") (Count VII); and unjust enrichment (Count VIII).

For the reasons stated further below, this Court should dismiss Plaintiff's Amended Complaint for its failure to state a claim against BJB, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Legal Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court is to accept as true all well-pleaded facts in the Complaint and draw all reasonable inferences from those facts in favor of the Plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* A complaint must allege more than a sheer possibility that a defendant has acted unlawfully. *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 612 (7th Cir. 2013).

### Argument

I. **COUNT I OF PLAINTIFF'S AMENDED COMPLAINT (RICO) FAILS TO STATE A CLAIM AGAINST BJB.**

Count I of Plaintiff's Amended Complaint alleges violations of the Racketeer Influenced and Corrupt Practices Act ("RICO"). As a matter of law, this Court should find that Count I of Plaintiff's Amended Complaint fails to state a claim against BJB.

In passing the RICO statute, Congress sought "to eradicate organized, long-term criminal activity." *Flores v. United Airlines*, 426 F.Supp.3d 520, 533 (N.D. Ill. 2019). RICO has not federalized every common-law state cause of action. *Id.* As explained by the Seventh Circuit in *Fitzgerald v. Chrysler Corp.*, 116 F.3d 225 (7th Cir. 1997), the prototypical RICO case is one in which a person bent on criminal activity seizes control of a previously legitimate firm and uses the firm's resources, contacts, facilities, and appearance of legitimacy to perpetuate more, and less easily discovered, criminal acts than he could do in his own person, that is, without channeling his criminal activities through the enterprise that he has taken over. *Id.* at 227. Plaintiff's allegations in Count I, regarding a landlord's response to a water leak in an apartment, do not rise to the level of a RICO claim.

Establishing a RICO violation requires a plaintiff to plead a pattern of racketeering activity, with a requirement of at least two acts of racketeering activity within a ten-year period. *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 336 (7th Cir. 2019). Further, where a plaintiff seeks to plead predicate acts of mail or wire fraud, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply and require a plaintiff to do more than allege fraud generally; a plaintiff must provide precision and some measure of substantiation to each fraud allegation. *Id.* at 338. The Seventh Circuit has cautioned that it does not look favorably on many instances of mail and wire fraud to form the necessary pattern of racketeering activity. *Id.* Here, Plaintiff alleges that BJB engaged in mail or wire fraud by purportedly placing an unpermitted HVAC unit in his former apartment. Such allegations do not establish mail or wire fraud, as a matter of law, and they do not rise to the level necessary to plead a pattern of racketeering activity. Plaintiff also relies upon BJB's issuance of a landlord's notice for nonpayment of rent, which he characterizes as "extortion," without support.

Accordingly, Plaintiff has failed to state a plausible claim against BJB in Count I, and it must be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. COUNT II ("FCRA") SHOULD BE DISMISSED FOR ITS FAILURE TO STATE A CLAIM AGAINST BJB.

Count II of the Amended Complaint seeks damages against BJB under the Fair Credit Reporting Act ("FCRA"). This Court should dismiss Count II for its failure to state a plausible claim for relief against BJB under the FCRA.

The liability of information furnishers such as BJB is limited under the FCRA. Plaintiff's allegations that BJB furnished incomplete or inaccurate information to a credit reporting agency do not establish liability under the FCRA. 15 U.S.C. § 1681s-2(a) obligates furnishers of information to provide accurate information to credit reporting agencies. There is no private right of action for an alleged violation of 1681s-2(a), however. Section 1681s-2(c) specifically exempts violations of 1681s-2(a) from private civil liability; only the Federal Trade Commission can initiate a suit under that section. *See Perry v. First Nat'l Bank*, 459 F.3d 816, 822 (7th Cir. 2006). Moreover, the Amended Complaint fails to state a plausible claim for relief against BJB under Section 1681s-2(b) of the FCRA. Furnishers of information are accountable under Section 1681s-2(b) only after the furnisher is notified pursuant to 1681i(a)(2) by a consumer credit reporting agency that a consumer challenges information and only if the furnisher continues to supply inaccurate data to credit reporting agencies after proper notification by the CRA. *See Rollins v. Peoples Gas Light & Coke Co.*, 379 F.Supp.2d 964, 967 (N.D. Ill. 2005). Here, Plaintiff's Amended Complaint fails to plead the elements of a claim under Section 1681s-2(b) of the FCRA, as it does not plead that BJB was ever notified by a CRA and then continued to supply inaccurate data after proper notification from the CRA.

Accordingly, for the reasons stated above, this Court should dismiss Count II of Plaintiff's Amended Complaint for its failure to state a plausible claim against BJB, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III. COUNT III ("VIOLATION OF FDCPA") SHOULD BE DISMISSED FOR ITS FAILURE TO STATE A CLAIM AGAINST BJB

In Count III of the Amended Complaint, Plaintiff brings a claim against Defendants for alleged violations of the FDCPA. Count III should be dismissed for its failure to state a plausible claim for relief against BJB, as BJB is not a "debt collector" under the FDCPA, and Plaintiff's Amended Complaint fails to plead sufficient facts to establish that Defendant is a "debt collector." Under the FDCPA, "debt collectors" are only those parties who collect debts owed "to another." *See Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 86 (2017). Here, the debts alleged to be due from Plaintiff under his lease are due directly to BJB, not to other third parties.

Accordingly, Count III of the Amended Complaint must be dismissed as a matter of law, pursuant to Rule 12(b)(6), for its failure to state a plausible claim for relief against BJB.

### IV. COUNT IV ("VIOLATION OF ILLINOIS CONSUMER FRAUD & DECEPTIVE BUSINESS PRACTICES ACT") SHOULD BE DISMISSED FOR ITS FAILURE TO STATE A CLAIM AGAINST BJB.

Count IV of the Complaint is entitled "Violation of Illinois Consumer Fraud and Deceptive Business Practices Act." Under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), in order to state a claim, a plaintiff must show "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair

practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014). Additionally, when the plaintiff is a private party, an action brought under the ICFA requires the plaintiff to show she suffered actual damage as a result of the defendant's violation of the act. *Id.* The element of actual damages requires that the plaintiff suffer actual pecuniary loss. *Id.* Further, allegations of deceptive acts or practices under ICFA sound in fraud and are subject to heightened pleading requirements. *Perona v. Volkswagen of America, Inc.,* 2014 IL App (1st) 130748, ¶ 39. A complaint alleging a violation of consumer fraud must be pled with the same particularity and specificity as that required under common law fraud. *Id.* A plaintiff must at least plead with sufficient particularity facts which establish the elements of fraud, including what misrepresentations were made, when they were made, who made the misrepresentations, and to whom they were made. *Avon Hardware Co. v. Ace Hardware Corp.*, 2013 IL App (1st) 130750, ¶ 15. A plaintiff must also allege that she was actually deceived by the defendant's deceptive act. *Aliano v. Louisville Distilling Co.,* 115 F.Supp.3d 921, 931-32 (N.D. Ill. 2015). Here, Plaintiff's Amended Complaint fails to sufficiently plead specific, particular facts identifying the acts of BJB that would satisfy the elements of a claim under ICFA. Plaintiff suggests that BJB "demanded payment on disputed debts while refusing building inspection" and misrepresented the nature of the alleged water leak as "baseless tenant complaints." These allegations do not satisfy the requirements to plead a claim under ICFA against BJB.

Accordingly, for the reasons stated above, this Court should dismiss Count IV of Plaintiff's Amended Complaint for its failure to state a plausible claim against BJB, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## V. COUNT V ("INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS") SHOULD BE DISMISSED FOR ITS FAILURE TO STATE A CLAIM AGAINST BJB.

Count V of the Amended Complaint is a state-law claim for intentional infliction of emotional distress." Under Illinois law, Count V should be dismissed, as a matter of law, for its failure to state a plausible claim for relief against BJB. The elements of a cause of action in Illinois for intentional infliction of emotional distress (IIED) are: first, the conduct involved must be truly extreme and outrageous. Second, the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that this conduct will cause severe emotional distress. Third, the conduct must in fact cause severe emotional distress. *See Cavalieri-Conway v. L. Butterman & Assoc.*, 992 F.Supp. 995, 1010 (N.D. Ill. 1998). Liability for intentional infliction of emotional distress has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of human decency. *Id.* Whether particular conduct is extreme and outrageous is treated as a question of law as "extreme and outrageous" is a legal, not a factual, standard. *Ulm v. Memorial Medical Center*, 2012 IL App (4th) 110421, ¶ 39. Moreover, the alleged distress suffered by the plaintiff, when measured by its intensity and duration, must be so severe that no reasonable person could be expected to endure it. *Benton v. Little League Baseball, Inc.*, 2020 IL App (1st) 190459, ¶ 64. Given this high pleading standard, a complaint alleging intentional infliction of emotional distress must be more specific and detailed than normally permissible in pleading a tort action. *Id.* Here, even taking the allegations of the Amended Complaint as true for purposes of this motion, Plaintiff's allegations fail to establish that BJB engaged in conduct "so outrageous in character" and "so extreme in degree, as to go beyond all possible bounds of human decency." Courts have found that conduct far more egregious than the conduct alleged in the Amended Complaint did not

meet the "extreme and outrageous" standard required in Illinois. *See, e.g.*, *Khan v. American Airlines*, 266 Ill.App.3d 726 (1994) (affirming dismissal of IIED claim over the plaintiff's allegations that defendants knowingly sold a stolen airline ticket to him, causing him to be arrested and charged with theft, despite being aware that he was en route to his father's funeral); *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 94-95 (1976) (affirming dismissal of the plaintiff's complaint alleging that the defendant creditor called her and visited her home several times weekly over a seven-month period, called her at her daughter's hospital bed, induced her to write a check by promising that it would not be processed, and then informed one of her acquaintances that she was writing bad checks); *Tabora v. Gottlieb Memorial Hospital*, 279 Ill.App.3d 108, 120 (1st Dist. 1996) (affirming dismissal over the plaintiff doctor's allegations that the defendants engaged in a five-year campaign of harassment and intimidation by falsely claiming that he was incompetent, revoking his privileges, and constantly berating him in front of hospital staff).

Accordingly, for the reasons stated above, this Court should dismiss Count V of Plaintiff's Amended Complaint for its failure to state a plausible claim against BJB, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## VI. <u>COUNT VI ("VIOLATION OF THE ILLINOIS INSURANCE INFORMATION AND PRIVACY PROTECTION ACT") SHOULD BE DISMISSED FOR ITS FAILURE TO STATE A CLAIM AGAINST BJB.</u>

In Count VI, Plaintiff alleges violations of the Illinois Insurance Information and Privacy Protection Act ("IIPPA"). Under Illinois law, Count VI should be dismissed, as a matter of law, for its failure to state a plausible claim for relief against BJB. The obligations imposed by the IIPPA apply to insurance institutions, agents, or insurance-support organizations. 215 ILCS 5/1002(A). Private, individual actions under IIPPA lie only against insurance institutions, agents, or insurance-support organizations. *See* 215 ILCS 5/1021(A). BJB is none of these.

Accordingly, for the reasons stated above, this Court should dismiss Count VI of Plaintiff's Amended Complaint for its failure to state a plausible claim against BJB, pursuant to Federal Rule of Civil Procedure 12(b)(6).

**VII.**      <u>**COUNT VII ("VIOLATION OF THE CHICAGO RESIDENTIAL LANDLORD TENANT ORDINANCE") SHOULD BE DISMISSED FOR ITS FAILURE TO STATE A PLAUSIBLE CLAIM FOR RELIEF AGAINST BJB.**</u>

In Count VII, Plaintiff brings claims against Defendants under the Chicago Residential Landlord Tenant Ordinance ("RLTO"). First, Plaintiff's Amended Complaint claims liability against BJB under Section 5-12-070 of the RLTO. That section of the RLTO, however, includes no cause of action and states only that the landlord shall maintain the premises in compliance with all applicable provisions of the municipal code and shall promptly make any and all repairs necessary to fulfill this obligation.

Second, in Paragraph 128 of the Amended Complaint, Plaintiff alleges that BJB unlawfully retaliated against him in violation of Section 5-12-150 of the RLTO by (a) disseminating false delinquency reports to Experian; and (b) pursuing collection on disputed rent through Hunter Warfield. As a matter of law, Plaintiff's claims fail under Section 5-12-150. Section 5-12-150 states that a landlord may not "knowingly terminate a tenancy, increase rent, decrease services, bring or threaten to bring a lawsuit against a tenant for possession or refuse to renew a lease or tenancy" because the tenant has engaged in good-faith protected activity. Here, the Amended Complaint does not plead that BJB committed any of the specified acts of retaliation described in Section 5-12-150. BJB did not terminate Plaintiff's tenancy, increase his rent, decrease services, bring or threaten to bring a lawsuit against Plaintiff for possession, or refuse to renew his lease or tenancy. Accordingly, Plaintiff's claims of retaliation under Section 5-12-150 of the RLTO must fail, as a matter of law.

Third, the Amended Complaint pleads that BJB violated Section 5-12-110(f)(5) of the RLTO. Section 5-12-110(f) is entitled "Failure to Provide Essential Services" and only applies in situations where there is an "immediate danger to the health and safety of a tenant" or if a landlord fails to supply heat, running water, hot water, electricity, gas or plumbing. First, the allegations of the Amended Complaint are insufficient to support a contention that any "immediate danger" existed to the health and safety of Plaintiff. The water leak described in the Complaint allegedly occurred on June 16, 2025, and Plaintiff did not vacate the leased premises until two months later. Further, the remedies described in Section 5-12-110(f) do not support the damages sought by Plaintiff in Count VII, including statutory damages of $3,090 per violation, punitive damages, and actual and compensatory damages in excess of $8,300,000.

Accordingly, for the reasons stated above, this Court should dismiss Count VII of Plaintiff's Complaint for its failure to state a plausible claim against BJB, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### VIII.     <u>COUNT VIII ("UNJUST ENRICHMENT") SHOULD BE DISMISSED FOR ITS FAILURE TO STATE A CLAIM AGAINST BJB.</u>

Count VIII of the Amended Complaint is entitled "Unjust Enrichment." Under Illinois law, Count VIII should be dismissed, as a matter of law, for its failure to state a plausible claim for relief against BJB. The existence of an express contract between the parties precludes a claim for unjust enrichment. "Unjust enrichment" is an equitable remedy based upon a contract that is implied in law. *First Midwest Bank v. Cobo*, 2017 IL App (1st) 170872, ¶ 29. The remedy of unjust enrichment is only available where there is no adequate remedy at law. *Id.* A party cannot state a claim for unjust enrichment where an express contract exists between the parties and

concerns the same subject matter. *Id.* Here, a written lease governed Plaintiff's tenancy with BJB; accordingly, he may not maintain a separate claim for unjust enrichment.

Accordingly, for the reasons stated above, this Court should dismiss Count VIII of Plaintiff's Amended Complaint for its failure to state a plausible claim against BJB, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IX. CONCLUSION

Wherefore, for the above reasons, BJB PROPERTIES, INC., respectfully request that this Court dismiss Plaintiff's Complaint, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), and grant any further relief it deems necessary and just.

Dated: July 31, 2026                Respectfully Submitted,

BJB PROPERTIES, INC.,

By: /s/ Christopher R. Johnson
One of their attorneys

Cary G. Schiff (ARDC #6192697)
Christopher R. Johnson (ARDC #6304827)
Cary G. Schiff & Associates
134 N. LaSalle St., Suite 1740
Chicago, IL 60602
Telephone:    312-419-1130
Facsimile:    312-419-9130
E-mail:    chris@cgschifflaw.com;
caryschiff@cgschifflaw.com
*Counsel for Defendant BJB Properties, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all parties of record via **CM/ECF** on this 31st day of July, 2026.

/s/ Christopher R. Johnson